UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY S. PIRONTI,
    Plaintiff,

v.  CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANTS JOHN DOE/JANE DOE OF THE
MILFORD DISTRICT COURT CLERK'S OFFICE AND
RETIRED JUDGE LEAH W. SPRAGUE'S MOTION TO DISMISS (#29).

KELLEY, U.S.M.J.

I. Introduction.

On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against nine defendants. (#1.) Retired Judge Leah W. Sprague and John Doe/Jane Doe, Milford District Court Clerk's Office, named defendants, filed a motion to dismiss on January 19, 2021. (#29.) To date, no opposition to that dispositive motion has been filed.

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

1

II. The Complaint.

Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc.*, No. CIV 4:20-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There are a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. The specific allegations with respect to the present defendants are limited. Mr. Pironti contends that on 5-17-93, Judge Sprague "invoked and ignored" plaintiff's attempt to refute certain OUI charges (#1 at 4); on 5-28-93, she "invoke[d] an illegal probation violation," *id.*; and, also on 5-28-93, as the presiding Justice at Milford District Court, Judge Sprague accepted plaintiff's plea agreement. (#1 ¶¶ 23, 25.) Plaintiff alleges that unnamed members of the Milford District Court Clerk's Office are attempting to stop him "from proper mandamus with [Judge Sprague] by altering documents." (#1 ¶ 70.)

III. The Applicable Standards.

A. Fed. R. Civ. P. 8.

Rule 8, Fed. R. Civ. P., mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the

2

complaint must include "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments v. AMAG Pharmaceutical., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Maddison v. City of Northampton*, No. CV 20-30089-MGM, 2021 WL 1340972, at *2 (D. Mass. Apr. 9, 2021). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)); *Forrester v. Brigham & Women's Hosp.*, No. 20-CV-10160-DJC, 2021 WL 467013, at *1 (D. Mass. Feb. 9, 2021). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Calvi* 470 F.3d at 430 (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).

B. <u>Fed. R. Civ. P. 12(b)(6)</u>.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

## IV. Discussion.

According to Mr. Pironti, he is claiming "certiorari memorandumus mandamus testificandumus in the form of a tort claim chapter 96[,] RICO Act[,] 42 USC § 1983[,] 28 USC 1331 – 28 USC 1361[,] mandamus & other." (#1 at 22.) The relief sought is the dismissal of all his open cases, correction of certain illegal sentences, compensatory damages, and all costs, expenses, and attorney's fees incurred in bringing this action. *Id.* at 21 ¶¶ 72-74, 22.

The claims alleged are largely incomprehensible. With respect specifically to Retired Judge Leah W. Sprague and John Doe/Jane Doe, Milford District Court Clerk's Office, the complaint does not set forth "a short and plain statement" of the claims being asserted against them or the factual predicate supporting those claims. As such, it fails to comply with Rule 8 and fails to state a claim under Rule 12(b)(6). For these reasons, the complaint against these defendants should be dismissed.

Further, from all that appears, Mr. Pironti is challenging actions taken by Judge Sprague while she was performing judicial functions, for example, the judge accepted his plea agreement. (#1 ¶¶ 23, 25.) The First Circuit has explained that:

> The breadth of the protection [of the doctrine of judicial immunity] is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. Therefore, it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions. And, the Supreme Court has

recognized that judicial immunity applies in the context of suits . . . that are brought under § 1983.

*Zenon v. Guzman*, 924 F.3d 611, 616–17 (1st Cir. 2019) (internal citations and quotation marks omitted); *Brooks v. Love*, No. CIV 4:20-40148-TSH, 2021 WL 1092634, at *2 (D. Mass. Mar. 22, 2021) (citation and internal quotation marks omitted) ("Few doctrines are more solidly established at common law than the immunity of judges from liability or damages for acts committed within their judicial jurisdiction ..."); *Ghoreishi v. Norfolk Prob. & Fam. Ct.*, No. 20-CV-12205-RGS, 2021 WL 149257, at *2 n.2 (D. Mass. Jan. 15, 2021). Based on the actions alleged, Retired Judge Sprague is entitled to judicial immunity.

Mr. Pironti alleges that unnamed members of the Milford District Court Clerk's Office[3] altered documents to prevent him "from proper mandamus with [Judge Sprague]." (#1 ¶ 70.) "Quasi-judicial immunity extends that absolute immunity to 'those who perform tasks that are inextricably intertwined with the judicial function.'" *Brooks*, 2021 WL 1092634, at *2 (quoting *Nystedt v. Nigro*, 700 F.3d 25, 31 (1st Cir. 2012)). That includes "judicial employees, including court clerks, where they have performed. . . tasks (that are inextricably intertwined with the judicial function)." *Lewis v. W. Roxbury Dist. Ct.*, No. CIV.A. 12-11544-JLT, 2013 WL 4854117, at *6 (D. Mass. Sept. 10, 2013) (citing cases); *Powell v. Commonwealth of Massachusetts*, No. 16-CV-30004-MGM, 2016 WL 7115887, at *7 (D. Mass. Sept. 20, 2016), *report and recommendation adopted*, No. CV 16-30004-MGM, 2016 WL 7118260 (D. Mass. Dec. 6, 2016) ("the First Circuit has extended absolute immunity to court clerks, *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980) (extending judicial immunity to a clerk who filled out commitment papers based on the official directives of the judge).").

---

[3] In his pleadings, Mr. Pironti repeatedly mentions one specific clerk with whom he has dealt in the Milford District Court Clerk's Office, but he has not named her as a defendant in the complaint.

5

There is no indication what documents were purportedly altered,[4] how they were altered, when they were altered, by whom, or at whose direction.[5] While this conclusory allegation is amorphous, there are no facts to suggest that any alteration of court documents by John Doe/Jane Doe, Milford District Court Clerk's Office, occurred unrelated to the judicial function and process, or outside the clerks' jurisdiction such as would preclude the applicability of quasi-judicial immunity. *Nystedt v. Nigro*, 700 F.3d 25, 33 (1st Cir. 2012) ("The law is clear that even bad faith or malice will not divest the cloak of judicial immunity."); *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989).

V. Recommendation.

For the reasons stated, I RECOMMEND that Defendants John Doe/Jane Doe of the Milford District Court Clerk's Office and Retired Judge Leah W. Sprague's Motion to Dismiss (#29) be GRANTED.

VII.  Review by District Judge.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly

---

[4] Mr. Pironti does allege "that plaintiff's courthouse record has been seriously altered," #1 ¶ 56, but it is not clear if he is referencing the Milford District Court records or some other court.

[5] In his affidavit, which is referenced in his complaint and attached thereto, Mr. Pironti talks about a green sheet in his case file at the Milford District Court being altered in March of 2012, #1-1 at 17-19, and that "a plea sheet was altered from 2007 and in 2012 it was clearly altered." *Id.* at 27. It is unknown if these are the documents to which plaintiff refers in this complaint.

indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 27, 2021                                                                /s/ M. PAGE KELLEY
                                                                                                M. Page Kelley
                                                                                                Chief United States Magistrate Judge