UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY S. PIRONTI,
      Plaintiff,

      v.                           CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
      Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANT PATRICIA WEBBER'S MOTION TO DISMISS (#34).

KELLEY, U.S.M.J.

I. Introduction.

On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against

nine defendants. (#1.) Defendant Patricia Webber filed a motion to dismiss on February 15, 2021.

(#29.) To date, no opposition to that dispositive motion has been filed.

II. The Complaint.

Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be

liberally construed and a pro se complaint, however inartfully pleaded, must be held to less

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc*., No. CIV 4:20-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There is a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. The specific allegations with respect to Patricia Webber are limited.

Ms. Webber is identified on the printed complaint form as a retired attorney, #1 at 3, and then further as a witness to:

> Le[ah] W. Sprague 5-17-93 accounts stated in complaint plaintiff interjected refuted witness 5-28-93 illegal sentence plea agreement all Milford Dist. Courthouse. Also witness to Warren A. Powers Ret. Judge hearing when plaintiff gave oral testimony on tape in re to exhibit (1) being recited the oral witness to what transpired. Also her lawyer present for complaint.

*Id*. at 4 (as written with spelling corrected). Mr. Pironti seems to allege that Ms. Webber was appointed as his attorney and that she was present in court in Milford on 5-17-93 and 5-28-93. *Id.* ¶ 23. He then contends that Ms. Webber was present "with her councel (sic)" on either 5-17-93 or 5-28-93 when plaintiff appeared before Judge Sprague. *Id.* ¶¶ 37, 69. The final reference to Ms. Webber in the complaint[3] is as follows:

---

[3] In his affidavit, Mr. Pironti states that Ms. Webber came to see him once while he was "at S.C.C.C.," presumably a correctional or treatment facility, in the early 1990s. (#1-1 at 7.) He also alleges that he requested records from Ms. Webber prior to 4-4-97 and 5-4-98. *Id*. at 10. Mr. Pironti

> As upon Warren A. Powers claiming stating on tape that what parties defendants did then was clearly not civil and criminal and people could go to jail for what was done to plaintiff stated with Patricia Webber and her lawyer present at the time and to come back and cause more harm to plaintiff never [stopping] and being in official [positions] constitutes a [corrupt] few in the town [organizations], and these other [parties] who failed to release video tapes 711, C.V.S. due to article in Town Cryer that merchants do not release any video to a requester [until] the police or courthouse ok's it.

*Id.* ¶ 75 (as written with spelling corrected).

### III. <u>The Applicable Standards.</u>

A. <u>Fed. R. Civ. P. 8</u>.

Rule 8, Fed. R. Civ. P., mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must include "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments v. AMAG Pharmaceutical., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Maddison v. City of Northampton*, No. CV 20-30089-MGM, 2021 WL 1340972, at *2 (D. Mass. Apr. 9, 2021). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)); *Forrester v. Brigham & Women's Hosp*., No. 20-CV-10160-DJC, 2021 WL 467013, at *1 (D. Mass. Feb. 9, 2021). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Calvi* 470 F.3d at 430 (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).

---

appears to contend Ms. Webber was in court with him on May 29, 1992, before Judge Powers. *Id.* at 41-42.

B. <u>Fed. R. Civ. P. 12(b)(6)</u>.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández*, 640 F.3d at 7). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

## IV. <u>Discussion</u>.

According to Mr. Pironti, he is claiming "certiorari memorandumus mandamus testificandumus in the form of a tort claim chapter 96[,] RICO Act[,] 42 USC § 1983[,] 28 USC 1331 – 28 USC 1361[,] mandamus & other." (#1 at 22.) The relief sought is the dismissal of all his open cases, correction of certain illegal sentences, compensatory damages, and all costs, expenses, and attorney's fees incurred in bringing this action. *Id.* at 21 ¶¶ 72-74, 22.

The claims alleged are largely incomprehensible. With respect to Patricia Webber, the complaint does not set forth "a short and plain statement" of the claims being asserted against her

or the factual predicate supporting those claims. As such, it fails to comply with Rule 8 and fails to state a claim under Rule 12(b)(6). For these reasons, the complaint against Patricia Webber should be dismissed.

Even if claims were decipherable, the complaint would be barred by the statute of limitations. The First Circuit has reiterated that:

> It is well established that affirmative defenses. . . may be raised in a motion to dismiss an action for failure to state a claim. However, it is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings. Furthermore, review of the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6), must leave no doubt that the plaintiff's action is barred by the asserted defense.

*Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001) (internal citations and quotation marks omitted); *FabriClear, LLC v. Harvest Direct, LLC*, 481 F. Supp. 3d 27, 33 (D. Mass. 2020). The allegations predominantly relate to Ms. Webber's actions in May of 1993, the time during which she represented plaintiff in Milford District Court. The latest mention of Ms. Webber is when Mr. Pironti requested records from her "prior to 4-4-97" and 5-4-98. (#1-1 at 10.) In May of 1998, plaintiff filed an affidavit in support of his motion to withdraw guilty pleas in the Milford District Court, wherein Mr. Pironti made clear that he was then aware of Ms. Webber's purported "coercion" and ineffective assistance regarding her 1993 performance as his attorney. (#1-2 at 5-6.)

"The Massachusetts limitations period for legal malpractice claims is three years. Under Massachusetts law, a malpractice claim accrues and the limitations period begins to run once [a] client or former client knows or reasonably should know that he or she has sustained appreciable

harm as a result of the lawyer's conduct."[4] *Gray v. City of Revere*, No. CV 16-10580-FDS, 2016 WL 3512133, at *4 (D. Mass. June 22, 2016) (internal citations and quotation marks omitted). Taking all inferences in the light most favorable to plaintiff, his own statements made clear that Mr. Pironti knew (or believed) no later than May of 1998 that he had grounds for a malpractice claim against Ms. Webber.[5] The limitations period had long since expired by the time the complaint in this case was filed on August 21, 2020.

## V.  Recommendation.

For the reasons stated, I RECOMMEND that Defendant Patricia Webber's Motion to Dismiss (#34) be GRANTED.

## VII.  Review by District Judge.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate

---

[4] Massachusetts General Laws chapter 260, § 4 provides, in relevant part: "Actions of contract or tort for malpractice, error or mistake against attorneys . . .shall be commenced only within three years next after the cause of action accrues."

[5] The statute of limitations has run even if Mr. Pironti is alleging some other tort or breach of contract. *See* Mass. Gen. L. c. 260, § 2 (six years on a contract action) and § 2A (three years on a tort action). These statutory limitations would also apply to any claim plaintiff is attempting to allege under 42 U.S.C. § 1983.  *See Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66, 69 (1st Cir. 2005) (internal citations and quotation marks omitted) ("Because it has no statute of limitations provision, § 1983 claims borrow[ ] the appropriate state law governing limitations unless contrary to federal law."); *Ferreira v. Corsini*, No. CV 13-12863-IT, 2016 WL 11372329, at *8 (D. Mass. Aug. 11, 2016), *report and recommendation adopted*, No. 13-CV-12863-IT, 2016 WL 4820612 (D. Mass. Sept. 14, 2016); *Kimball v. Town of Provincetown*, 158 F. Supp.3d 7, 11 (D. Mass. 2016)

review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


April 27, 2021                              /s/ M. PAGE KELLEY
                                            M. Page Kelley
                                            Chief United States Magistrate Judge