UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY S. PIRONTI,
    Plaintiff,

v.                                                         CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
    Defendants.

REPORT AND RECOMMENDATION ON
MOTION OF THE DEFENDANT, CHARLES D. BODDY, JR., TO DISMISS (#37).

KELLEY, U.S.M.J.

    On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against nine defendants. (#1.) Defendant Charles D. Boddy filed a motion to dismiss on February 19, 2021. (#37.) To date, no opposition to that dispositive motion has been filed.

    Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc.*, No. CIV 4:20-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There are a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. Although Charles D. Boddy, Esq., is identified as Defendant No. 2 on the pre-printed complaint form (#1 at 2), it appears that the real defendant being named is Town of Milford and that the complaint was merely being directed to Attorney Boddy as Legal Counsel for the town. *See* www.milfordma.gov/legal-department (last visited 04/22/2021). Apart from this single reference, Charles D. Boddy in not mentioned again in the complaint, and there are no factual allegations relating to him.

The complaint does not set forth "a short and plain statement" of the claims being asserted against Charles D. Boddy, or a factual predicate supporting any claims against him. The complaint against this defendant should be dismissed for failure to comply with Rule 8 and failure to state a claim under Rule 12(b)(6).

For the reasons stated, I RECOMMEND that the Motion of the Defendant, Charles D. Boddy, Jr., To Dismiss (#37) be GRANTED.

<u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 27, 2021                                                   <u>/s/ M. PAGE KELLEY</u>
                                                                 M. Page Kelley
                                                                 Chief United States Magistrate Judge