UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY S. PIRONTI,
    Plaintiff,

v.                                                            CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
    Defendants.

REPORT AND RECOMMENDATION ON
MOTION OF THE DEFENDANT, WILLIAM E. KINGKADE, JR., TO DISMISS (#39).

KELLEY, U.S.M.J.

On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against nine defendants. (#1.) Defendant William E. Kingkade, Jr., filed a motion to dismiss on February 19, 2021. (#39.) To date, no opposition to that dispositive motion has been filed.

Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

1

94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc.*, No. CIV 4:20-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There are a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. The allegations directed to William E. Kingkade, Jr.,[3] are limited. Mr. Kingkade, defendant no. 3 on the printed complaint form, is identified as Chairman, Town of Milford. (#1 at 2.) It is alleged that Mr. Kingkade "knowingly conspired with brother[4] and Robert Pavia and clerks and newspapers [and] other defendants causing plaintiff loss and irreversable (sic) damages as set forth in complaint [and] criminal acts and civil along with police officers." *Id.* at 4. No further specific reference is made to William E. Kingkade, Jr., in the complaint. and no facts are alleged regarding anything Mr. Kingkade may had said or done.[5]

---

[3] In his Memorandum in Support, William E. Kingkade, Jr., is identified as the "current Chairman of the Town of Milford Select Board," #40 at 2, although he does not appear to be a current member. *See* www.milfordma.gov/select-board (last visited 04/22/2023).

[4] The plaintiff stated in his affidavit, which is referenced in his complaint and attached thereto, that the "selectman of Milford" is the brother of Detective Kincade. (#1-1 at 22.) It is alleged that on December 7, 2018, Mr. Pironti was "pulled over" by State Trooper Bosworth who was then facetiming Pironti to Detective Kincade of the Milford Police. (#1 ¶¶ 2, 3, 38.)

[5] In his affidavit, Mr. Pironti stated that Selectman Kingkade started a ruse "to target undesirable houses as was used in other cit[ies] to close out houses that had issues that fell under that statute of disorderly houses," #1-1 at 23, and that "the selectman" went to a Milford police officer to "solicit[] crimes against 312 Main St." and plaintiff himself. *Id.* at 26.

The complaint does not set forth "a short and plain statement" of the claims being asserted against William E. Kingkade, Jr., or a factual predicate supporting any claims against this defendant. The complaint against Mr. Kingkade should be dismissed for failure to comply with Rule 8 and failure to state a claim under Rule 12(b)(6).

For the reasons stated, I RECOMMEND that the Motion of Defendant, William E. Kingkade, Jr., to Dismiss (#39) be GRANTED.

<u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 27, 2021   /s/ M. PAGE KELLEY
M. Page Kelley
Chief United States Magistrate Judge