UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY S. PIRONTI,
    Plaintiff,

v.                                                             CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
    Defendants.

REPORT AND RECOMMENDATION ON
<u>MOTION OF DEFENDANT, TOWN OF MILFORD, TO DISMISS (#41)</u>.

KELLEY, U.S.M.J.

On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against nine defendants. (#1.) Defendant Town of Milford filed a motion to dismiss on February 19, 2021. (#41.) To date, no opposition to that dispositive motion has been filed.

Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc.*, No. CIV 4:20-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There are a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. The allegations directed to the Town of Milford are limited. Mr. Pironti contends that because certain police officers described in the complaint were hired by the Town of Milford, the town is liable for their allegedly criminal acts against plaintiff. (#1 at 4.) The only town police officer identified in the complaint[3] is a Detective Kincade.[4] It is alleged that on December 7, 2018, plaintiff was "pulled over" by State Trooper Bosworth[5] who was then facetiming Mr. Pironti to Detective Kincade of the Milford Police. *Id.* ¶¶ 2,3, 38. No further

---

[3] Plaintiff talks about other police officers in his affidavit, which is referenced in the complaint and attached thereto, but it is unknown if these police officers were employed by the Town of Milford. *See*, e.g., #1-1 at 4-6, 9, 12-16, 19, 20-26, 28, 30, 39.

[4] Detective Kincade is not named as a defendant in this action. William E. Kingkade, Jr., defendant no. 3 on the printed complaint form, is identified as Chairman, Town of Milford. (#1 at 2.) In the Town's Memorandum in Support, Mr. Kingkade is identified as a selectman in Milford, #42 at 2, although he does not appear to be a current member. *See* www.milfordma.gov/select-board (last visited 04/22/2023). The plaintiff states in his affidavit that the "selectman of Milford" is the brother of Detective Kincade. (#1-1 at 22.)

[5] Plaintiff spells the state trooper's name in different ways, but for clarity the court has chosen one version and will use it consistently.

specific reference is made to Detective Kincade in the complaint, and no facts are alleged regarding anything Detective Kincade may had said or done.

To the extent plaintiff is relying on the "criminal acts" of police officers as the foundation for the Town of Milford's liability, the allegations are inadequate. The complaint does not set forth "a short and plain statement" of the claims being asserted against the Town of Milford, or a factual predicate supporting any claims against this defendant. The complaint against the Town of Milford should be dismissed for failure to comply with Rule 8 and failure to state a claim under Rule 12(b)(6).

For the reasons stated, I RECOMMEND that the Motion of Defendant, Town of Milford, to Dismiss (#41) be GRANTED.

<u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 27, 2021 /s/ M. PAGE KELLEY
M. Page Kelley
Chief United States Magistrate Judge