UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY S. PIRONTI,
    Plaintiff,

v.                                    CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANT, MARK CLIFFORD'S, MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE [A] CLAIM (#32).

KELLEY, U.S.M.J.

I. Introduction.

On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against nine defendants. (#1.) Defendant Mark Clifford filed a motion to dismiss on February 15, 2021. (#29.) To date, no opposition to that dispositive motion has been filed.

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

1

II. The Complaint.

Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc.*, No. CIV 4:20-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There is a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. The specific allegations with respect to defendant Mark Clifford are as follows.

Mark Clifford, listed as Defendant No. 5 on the printed complaint form, is identified as an attorney, specifically a public defender. (#1 at 3, 5.) Mr. Pironti alleges that Mr. Clifford:

> Was well aware of this first complaint affidavit exhibit (1) and claimed to try to help. All he did was ignore [exculpatory evidence] and did not perform a proper [suppression] hearing as clearly my fax (exhibit (2) dated 12-18-18) alone was [evidence]. Tape 711 witness was also aware of the foolishness with false warrants. Milford P.D. looking for me, [etc.]. Did nothing but cause me harm due to the size of the bigger picture that he wanted to get away from because of his brotherhood. So defending me was not important. As soon as he passed suppression hearing and did not obtain tape 711 witness nor ask questions like the facetiming with Trooper Bosworth and Det. Kincade Milford P.D. nor did he obtain phone records terrats (sic) [etc.] tapes nothing Milford P.D. State Barracks tapes O (sic) work. The fruits of the poisonous tree [were] there and he ran the other way. I stated to him 5-17-93 5-28-93 many times Judge Powers [Leah Sprague]. He left me to the wolves.

*Id.* at 5 (as written with spelling corrections where possible). Mr. Pironti expounded on his allegations in his affidavit:

> It is clear at no time did lawyer Mark Clifford represent me at all as a matter of record. He did the opposite and has participated to protect the true problems and parties who have [blatantly broken] the law and with no avail kept on as I was once again forced to plead on case 2 times due to me stating I'm following up with complaints. This is and has caused me my [freedom] for several years[,] losses of home[,] apartments[,] [livelihood,] SSI, [etc.]. . . .The lawyer was not capable to go to superior court.

#1-1 at 41. Mr. Pironti further states that before a December 5, 2019 suppression hearing, he had discussed with Mr. Clifford that some of his prior OUIs were false and that he was requesting the tape from 711, but after the suppression hearing "Mr. Clifford acted like [Mr. Pironti] never asked him to [retrieve] tapes." *Id.* at 29. Mr. Pironti also claims that "Mark Clifford did participate in cover up." *Id.* at 40.

### III. The Applicable Standards.

A. Fed. R. Civ. P. 8.

Rule 8, Fed. R. Civ. P., mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must include "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments v. AMAG Pharmaceutical., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Maddison v. City of Northampton*, No. CV 20-30089-MGM, 2021 WL 1340972, at *2 (D. Mass. Apr. 9, 2021). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)); *Forrester v. Brigham & Women's Hosp.*, No. 20-CV-10160-DJC,

2021 WL 467013, at *1 (D. Mass. Feb. 9, 2021). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Calvi* 470 F.3d at 430 (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).

B. Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández,* 640 F.3d at 7). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

IV. Discussion.

According to Mr. Pironti, he is claiming "certiorari memorandumus mandamus testificandumus in the form of a tort claim chapter 96[,] RICO Act[,] 42 USC § 1983[,] 28 USC 1331 – 28 USC 1361[,] mandamus & other." (#1 at 22.) The relief sought is the dismissal of all

4

his open cases, correction of certain illegal sentences, compensatory damages, and all costs, expenses, and attorney's fees incurred in bringing this action. *Id.* at 21 ¶¶ 72-74, 22.

In Milford District Court criminal case 1866-CR-002186, *Commonwealth v. Pironti*, an OUI charge, the docket[3] reflects that Mark Clifford was added as appointed counsel for Mr. Pironti on December 7, 2018. (#33-1 at 3.) The docket further shows that Mr. Clifford withdrew as Mr. Pironti's attorney on January 9, 2020, and his successor, Laurel A. Singer, filed her appearance as appointed counsel the same day. *Id*. at 6. On August 13, 2020, Attorney Singer filed motions on closed cases, 9266-CR-0042 (file date January 13, 1992) and 9266-CR-1463 (file date June 29, 1992), both OUI charges, requesting a new trial. *Id*. at 8. On October 19, 2020, the charges in both cases were dismissed (##33-2 and 33-3), and the Commonwealth amended the charge in 1866-CR-002186 to indicate the December 7, 2018 stop was "OUI 1st Offense." (#33-1 at 9.) Criminal case 1866-CR-002186 remains pending. (#33-1.)[4]

---

[3] The First Circuit has repeatedly cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Graf v. Hospitality Mut. Ins. Co*., 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted). That being said, "there is a narrow swatch of materials outside the complaint itself that may be considered on a motion to dismiss for failure to state a claim." *Ríos-Campbell v. U.S. Dept. of Commerce*, 927 F.3d 21, 25 n. 2 (1st Cir. 2019). "When . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Trans-Spec Truck Service, Inc. v. Caterpillar Inc*., 524 F.3d 315, 321 (1st Cir. 2008) (internal citations, quotation marks and alterations omitted), *cert. denied*, 555 U.S. 995 (2008); *Yacubian v. U.S.*, 750 F.3d 100, 102 (1st Cir. 2014). The three docket sheets attached as exhibits (##33-1, 33-2, 33-3) to Mr. Clifford's Memorandum of Law (#33) are official court documents and so fall within the parameters of this exception and may properly be considered. *See*, *e.g.*, *Foley v. Wells Fargo Bank, N.A*., 772 F.3d 63, 74 (1st Cir. 2014) (*citing Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) ("[C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.")).

[4] The docket for criminal case 1866-CR-002186 (#33-1) indicates that the next event in the case was scheduled for April 8, 2021. Because the state criminal docket was not available online, the

The allegations against Mr. Clifford simply are not clear. The complaint does not set forth "a short and plain statement" of the claims being asserted against this defendant or the factual predicate supporting those claims. As such, it fails to comply with Rule 8.

To the extent plaintiff is attempting to allege malpractice by Mr. Clifford, the complaint fails to state a claim under Rule 12(b)(6). While Mr. Pironti asserts that he has suffered a loss of his freedom, his home, his apartment, his livelihood, and his SSI payments, he seems to relate those losses to events that took place in the 1990s, not to a time when he was represented by Mr. Clifford. If Mr. Pironti's malpractice claim is premised on the failed motion to suppress, he pleads no facts to show what damages arose from the denial of that motion on December 5, 2019.

Lastly, even if a malpractice claim is arguably alleged against Mr. Clifford based on his representation of Mr. Pironti in Milford District Court criminal case 1866-CR-002186, the criminal case is still pending. To succeed on a legal malpractice claim against a criminal defense attorney, a plaintiff "must prove by a preponderance of the evidence, not only that the negligence of the attorney defendant caused him harm, but also that he is innocent of the crime charged." *Glenn v. Aiken*, 409 Mass. 699, 707 (1991). Until his underlying criminal case is resolved, Mr. Pironti cannot establish a case of legal malpractice against Mr. Clifford.

## V. Recommendation.

For the reasons stated, I RECOMMEND that Defendant, Mark Clifford's, Motion to Dismiss Plaintiff's Complaint for Failure to State [a] Claim (#32) be GRANTED.

---

clerk contacted the Milford District Court Clerk's office on April 26, 2021, and was advised that the hearing set for April 8, 2021, was continued to June 24, 2021, for discovery and compliance.

VII.  Review by District Judge.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 27, 2021                                                        /s/ M. PAGE KELLEY
                                                                      M. Page Kelley
                                                                      Chief United States Magistrate Judge