UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


GEOFFREY S. PIRONTI,
        Plaintiff,


        v.                                          CIVIL ACTION NO. 20-40111-TSH[1]

RET. JUDGE LEAH W. SPRAGUE,
CHARLES D. BODDY,
WILLIAM E. KINGKADE, JR.,
JANE DOE/JOHN DOE, CLERK'S OFFICE,
MARK CLIFFORD,
DAN DOYLE,
PATRICIA WEBBER,
TOWN OF MILFORD,
        Defendants.



REPORT AND RECOMMENDATION ON
DEFENDANT DANIEL T. DOYLE'S
MOTION FOR JUDGMENT ON THE PLEADINGS (#19).



KELLEY, U.S.M.J.

I. Introduction.

        On August 31, 2020, plaintiff Geoffrey S. Pironti filed a multi-claim complaint[2] against

nine defendants. (#1.) Defendant Daniel T. Doyle filed a motion for judgment on the pleadings on

December 19, 2020. (#19.) Mr. Pironti filed a response to the motion (#26) on January 4, 2021, to

which Mr. Doyle filed a reply. (#45.) With the motion fully briefed, it stands ready to be resolved.

---

[1] On April 20, 2021, this case was referred to the undersigned for rulings on all non-dispositive
motions and the issuance of Reports and Recommendations on all dispositive motions. (#48.)

[2] The complaint is twenty-three pages in length with an attached forty-three-page affidavit and
three hundred sixteen pages of exhibits. (##1, 1-1, 1-2, 1-3.)

II. <u>The Complaint</u>.

Plaintiff is proceeding pro se. The court recognizes that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Brooks v. Metro. Sec. Servs. Inc.*, 4:20-CV-40148-TSH, 2021 WL 1092636, at *1 (D. Mass. Mar. 22, 2021). That said, "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Strahan v. AT&T Mobility LLC*, 270 F. Supp.3d 535, 540 (D. Mass. 2017) (internal citations and quotation marks omitted).

The complaint recounts a rambling history of plaintiff's involvement with the legal system dating back to 1991. There is a litany of allegations concerning the purported mishandling of his various criminal cases by attorneys, judges, court personnel, and others that apparently resulted in several incarcerations. The specific allegations with respect to defendant Doyle follow.

On the printed complaint form, Mr. Doyle, Defendant No. 6, is identified as an attorney. (#1 at 3.) According to plaintiff:

> Clearly from the one visit [Mr. Doyle] made and I explained to him the situation he stated as in complaint but the [mere] fact that the exhibit plaintiff handed him exhibit (22) last eight pages letter addressed to Warren A. Powers re ongoing injustice. From paragraph 10 to 14 in complaint clearly shows some form of problem and defendant Dan Doyl[e] plaintiffs attorney refused to contact Warren A. Powers also refused to upon going in front of Judge Lemire that day 9-3-19 to produce the letter in my behalf on my request regardless of his opinion wherefore he did not try to stop my last[-]ditch efforts as I was trying to revisit paragraph 13 exhibits (1) and (2). The violation of probation was a [ruse].

*Id.* at 6 (as written with spelling corrected and punctuation omitted).[3] Plaintiff contends that when he was falsely arrested on July 24, 2019, he spoke with Mr. Doyle at the Uxbridge District Court. *Id.* ¶ 9. Mr. Pironti was concerned because the new arrest would constitute a violation of his probation, so he explained to Mr. Doyle the issues that he had with the police and the allegedly false OUI charges. *Id*. According to plaintiff, Mr. Doyle told him to relax, that he would come and see Mr. Pironti and they would get it sorted out. *Id.* ¶ 10.  Plaintiff also explained that his prior attorney, defendant Mark Clifford, was aware of the problems with the police and could more fully explain the situation to Mr. Doyle. *Id.* Mr. Pironti asked Mr. Doyle to contact Retired Judge Warren Powers on his behalf by sending a letter regarding the ongoing injustice plaintiff was enduring. *Id.* ¶¶ 11, 12, 39.  Mr. Pironti alleges that he pleaded with Mr. Doyle to give the same letter to Judge Lemire so the judge could understand the situation and possibly give him a break. *Id.* ¶ 13.

III. The Applicable Standards.

A. Fed. R. Civ. P. 12(c).

Defendant Doyle has moved for judgment on the pleadings. The First Circuit has explained the standard to be applied:

> A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss. *Pérez-Acevedo [v. Rivero-Cubano]*, 520 F.3d [26,] at 29 [(1st Cir. 2008)]. Hence such judgment will issue upon a timely motion if the non-movant's factual allegations "'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Id*. (quoting *[Bell Atl. Corp. v.] Twombly,* [550 U.S. 544, 555,] 127 S. Ct. [1955,] at 1965 [(2007)]. This inquiry extends only to the pleadings, and we read the facts in the light most favorable to the [plaintiff/appellant] as non-movant, granting all reasonable inferences in its favor. *See Zipperer v. Raytheon Co., Inc*., 493 F.3d 50, 53 (1st Cir. 2007); *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004).

---

[3] Another allegation on the same page is unintelligible: "Reasons on defendant 6. Dan Doyle are the proof of the fruits of the [poisonous] tree he defendant clearly ignored also probation in Uxbridge." (#1 at 6.)

*Est. of Bennett v. Wainwright*, 548 F.3d 155, 163 (1st Cir. 2008); *Ferraro v. Telia Carrier U.S., Inc.*, No. 20-CV-11652-ADB, 2021 WL 1581018, at *2 (D. Mass. Apr. 22, 2021) (internal citation and quotations marks omitted) ("Courts considering motions for judgment on the pleadings use a similar standard to the one used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), except that a Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole."); *Bounphasaysonh v. Town of Webster et al*., No. 19-CV-40085-TSH, 2021 WL 1430691, at *3 (D. Mass. Mar. 1, 2021), *report and recommendation adopted sub nom*. *Bounphasaysonh v. Town of Webster et al.*, No. 19-CV-40085, 2021 WL 1499346 (D. Mass. Mar. 18, 2021).

B. <u>Fed. R. Civ. P. 8</u>.

Rule 8, Fed. R. Civ. P., mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must include "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments v. AMAG Pharmaceutical., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Maddison v. City of Northampton*, No. 20-CV-30089-MGM, 2021 WL 1340972, at *2 (D. Mass. Apr. 9, 2021). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)); *Forrester v. Brigham & Women's Hosp*., No. 20-CV-10160-DJC, 2021 WL 467013, at *1 (D. Mass. Feb. 9, 2021). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Calvi* 470 F.3d at 430 (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).

IV. <u>Discussion</u>.

Mr. Doyle argues that he is entitled to the entry of judgment on the pleadings because he was never Mr. Pironti's attorney and so cannot be held liable for any negligence or wrongdoing. While admittedly having met with Mr. Pironti once when he was arrested on July 24, 2019, *see* #14 at 5 ¶ 9, Mr. Doyle denies having been appointed or retained to represent him.[4] Mr. Doyle appends a NAC Overview Screen to his answer to the complaint, *see* #14-1, which purports to show all Noticed of Assignment of Counsel for Mr. Doyle from 2002 to 2020. According to Mr. Doyle, this printout buttresses his contention that he was not appointed to represent Mr. Pironti in Uxbridge in July of 2019. Even if the NAC overview would support Mr. Doyle's argument, it fails to establish that Mr. Doyle was not retained or that he did not accept Mr. Pironti's case pro bono.

On April 27, 2021, the court requested that Mr. Doyle file a copy of the docket sheet from the Uxbridge District Court in order readily to confirm that Mr. Doyle was not an attorney of record for Mr. Pironti. Defendant's submission in response (#61) raises more questions than it answers. The original Uxbridge District Court docket sheet for case number 1765CR001674 reflects that on July 24, 2019, "Atty. Doyle appointed. PC found. [Pironti] held w/o bail. C 9/3/19. MITT Att'y waives 30 days." (#61-1 at 6.) However, on April 29, 2021, Clerk Magistrate John F. Kennedy of the Uxbridge District Court authored a letter wherein he states as follows:

> This letter is to clarify and rectify the record regarding the appointment of attorney Dan Doyle, (BBO #560520) to case number 1765CR001674, Commonwealth VS. Geoffrey S. Pironti. On 07/24/2019 it was docketed that Attorney Doyle was appointed as bail only counsel. This ultimately did not happen as the Judge held the defendant without bail, without conducting a bail hearing. Attorney Dan Doyle was never appointed on that day and the court docket has been corrected to reflect that.

---

[4] In his answer to the complaint, Mr. Doyle states that after meeting with Mr. Pironti on July 24, 2019, he "declined to take [Mr. Pironti] on as a client." (#14 at 1.) That may be his position, but in the complaint, Mr. Pironti alleges that Mr. Doyle was "plaintiff's attorney." (#1 at 6, spelling and punctuation corrected.) On a motion for judgment on the pleadings, the facts are read in the light most favorable to Mr. Pironti and are liberally construed given his pro se status.

(#61-2.) As stated in the letter, on April 29, 2021, an entry was made on the Uxbridge District Court docket for case 1765CR001674: "Record to reflect that on 7-24-19 Atty Dan Doyle ultimately was not appointed as bail only. The judge place the deft. in custody without conducting a bail hearing. Atty Dan Doyle was never appointed on that day, for bail only representation." (#61-3 at 5-6 (as written).)

The letter from Clerk Magistrate Kennedy is just that, a letter, not an affidavit under oath. There is no explanation regarding the source of his information or how he was aware of events that occurred nearly two years earlier. There is no explanation as to why the docket indicates that "PC found" and an attorney "waive[d] 30 days" if there was, in fact, no hearing that day and Mr. Pironti had no attorney. Lastly, none of this information establishes that Mr. Doyle was not retained as counsel, or that he did not take the case pro bono.

With the state of the record, the court will not recommend that the case be dismissed on the grounds that Mr. Doyle was not Mr. Pironti's attorney.

According to Mr. Pironti, he is claiming "certiorari memorandumus mandamus testificandumus in the form of a tort claim chapter 96[,] RICO Act[,] 42 USC § 1983[,] 28 USC 1331 – 28 USC 1361[,] mandamus & other." (#1 at 22.) The relief sought is the dismissal of all his open cases, correction of certain illegal sentences, compensatory damages, and all costs, expenses, and attorney's fees incurred in bringing this action. *Id.* at 21 ¶¶ 72-74, 22.

The claims alleged are largely incomprehensible. With respect specifically to Mr. Doyle, plaintiff's allegations seem to focus on Mr. Doyle's purported refusal to send a certain letter to Retired Judge Warren Powers on Mr. Pironti's behalf, or to give that same letter to Judge Lemire, a judge sitting in the Uxbridge District Court. Under Massachusetts law, "[n]egligence claims against attorneys do not differ from negligence claims generally in that plaintiffs must demonstrate

6

both that the defendant failed to adhere to an applicable standard of care, and that the failure proximately caused the plaintiffs' losses." *Frullo v. Landenberger*, 61 Mass. App. Ct. 814, 817 (2004); *Truran v. Beauregard*, 91 Mass. App. Ct. 1118 (Table), 2017 WL 1437459, *1 (Mass. App. Ct. Apr. 24, 2017); *DiPiero v. Goodman*, 14 Mass. App. Ct. 929 (1982) (rescript), *further review denied*, 387 Mass. 1102 (1982) (Table), *cert. denied*, 469 U.S. 1029 (1983). Mr. Pironti does not allege with clarity that he was damaged or suffered losses as a result of his interaction with Mr. Doyle, or how those damages or losses are causally connected to Mr. Doyle's refusal to take the letter. Mr. Pironti also has failed to allege that delivering the letter to Judge Powers or the presiding judge would have resulted in a favorable decision for him. *Frullo*, 61 Mass. App. Ct. at 818 (internal citation and quotation marks omitted) ("A client in a malpractice action based on an allegation of attorney negligence must show that, but for the attorney's failure, the client probably would have been successful in the prosecution of the litigation giving rise to the malpractice claim."). In any event, these allegations are not sufficient to set forth "a short and plain statement" of the claims being asserted against Mr. Doyle or the factual predicate supporting those claims. As such, the complaint fails to comply with Rule 8, and so should be dismissed against this defendant.

## V. <u>Recommendation</u>.

For the reasons stated, I RECOMMEND that Defendant Daniel T. Doyle's Motion for Judgment on the Pleadings (#19) be GRANTED to the extent that the complaint be dismissed for failure to comply with the mandate of Rule 8, Fed. R. Civ. P.

## VII. <u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of

the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


May 3, 2021                                          /s/ M. PAGE KELLEY
                                                     M. Page Kelley
                                                     Chief United States Magistrate Judge